UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHNNY L. McGOWAN, JR.,

    *Plaintiff*,

v.      No.: 3:11-cv-164
        (VARLAN/SHIRLEY)

OFFICER HEATHER ANDERSON, et al.,

    *Defendants*.

## MEMORANDUM AND ORDER

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983, in which plaintiff paid the filing fee. The matter is before the Court on numerous motions filed by the plaintiff. Before considering the pending motions, some background is in order.

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC) and currently incarcerated in the West Tennessee State Penitentiary in Henning, Tennessee. He brought this action during his confinement in the Morgan County Correctional Complex (MCCX). In his complaint, as amended, plaintiff named as defendants twelve MCCX correctional officers and officials; he subsequently notified the Clerk's Office of the identity of the "Jane Doe" defendant as Brandi Hutson, and she was added as a defendant. Plaintiff alleges that the named defendants conspired to retaliate, and did retaliate, against him for exercising his right to file numerous grievances against defendant Officer Heather Anderson for improper sexual conduct and improper conduct on the job.

Plaintiff specifically alleges that the defendants placed him in a cell in maximum security next door to a mentally ill inmate who was loud and disruptive, which subjected plaintiff to continuous harassment in violation of his Eighth Amendment right against cruel and unusual punishment. Plaintiff further alleges that the defendants told other inmates that plaintiff was a snitch; that the defendants moved plaintiff from a sanitary cell to an unsanitary cell; and that the defendants prohibited maximum security inmates from passing items which posed no security threat, in violation of TDOC policy. Plaintiff seeks money damages against the defendants in their individual capacities, and declaratory relief and job termination against the defendants in their official capacities.

The Court allowed process to issue as to the named defendants. After the Clerk was directed to send plaintiff the service packets to be completed, plaintiff filed a motion for additional summons forms and U.S. Marshals Forms. Because process issued as to the named defendants, this motion [Doc. 13] is **DENIED** as **MOOT**.

The U.S. Marshals Service served the summons and complaint upon the defendants by certified mail. Process was returned executed as to the following defendants: Heather Anderson, Ricky Elmore, Ginger Davidson, Mike Paris, Steve Coffey, Todd Newberry, Unit Commander Rich, Officer Ruiz, and Darren Settles; Jerry Wright signed the return receipt as to each of these. Process was returned unexecuted as to Captain Sweat, Officer Garrett, and J. Murphy; each envelope was stamped with the notation "refused." Alias summons was subsequently issued for John Murphy and returned unexecuted, with the notations "refused" and "need TDOC #."

There are pending several motions with respect to service of process. With respect to the alias summons for John Murphy that was returned unexecuted, it appears that the person who refused to sign for the certified mail did not realize that John Murphy was a correctional officer and not a prisoner. Plaintiff states that Mr. Murphy is still employed at MCCX because he has seen him there since this action was filed, and moves the court to order the U.S. Marshals Service to personally serve Mr. Murphy. The motion [Doc. 67] is **DENIED** at this time. However, the Clerk is **DIRECTED** to issue alias summons for Officer John Murphy and the U.S. Marshals Service is **ORDERED** to attempt service by certified mail addressed to Officer John Murphy.

Plaintiff has filed a motion for the Court to order the MCCX to provide him with the last known home address of defendant Adam Garrett, who is no longer employed by the TDOC. Plaintiff must seek this information from the defendants or the prison through the discovery means set forth in the Federal Rules of Civil Procedure. The motion [Doc. 35] is **DENIED**.

Plaintiff moves the Court for assistance with service of process upon all defendants. The motion [Doc. 33] is **GRANTED** to the following extent: The Court notes that although plaintiff identified the "Jane Doe" defendant as Brandi Hutson, process has not issued as to her. Accordingly, the Clerk is **DIRECTED** to issue, and the U.S. Marshals Service is **ORDERED** to serve, the summons for Brandi Hutson. The Clerk is further **DIRECTED** to issue, and the U.S. Marshals Service is **ORDERED** to serve, alias summons for Captain Sweat.

3

Plaintiff has filed a motion for default judgment against all the defendants. Those defendants who were served with process have filed their answer to the complaint; the remaining defendants have not been served. Accordingly, the motion for default judgment [Doc. 38] is **DENIED**.

Plaintiff moves the court to issue an order declaring the following: that plaintiff has the right to file grievances against prison official and the defendants are not entitled to qualified immunity in that regard, and that the defendants can be held liable for money damages in their individual capacities. Plaintiff is not entitled to a declaratory judgment at this time and the motion [Doc. 34] is **DENIED**.

Plaintiff has filed a motion to amend the summons to reflect plaintiff's address at the MCCX. The address for plaintiff on the summons that were issued is the address listed on his motion to amend and thus the motion to amend the summons [Doc. 37] is **DENIED** as **MOOT**.

Plaintiff has filed two motions for a preliminary injunction and permanent restraining order against TDOC Commissioner Derrick Schofield, MCCX Warden David Osbourn, and Classification Coordinator Richard Sterling with respect to plaintiff's continued placement in maximum security. These individuals are not parties to this action and plaintiff's motions [Doc. 40 and Doc. 56] are **DENIED**.

Plaintiff moves to amend the complaint to add as additional defendants Cpl. Charles Newport, Lt. Robert Gibson, Jr., Brandy Hutson, and Sgt. D. Hall, on claims of retaliation

4

for filing the pending action. Such claims are more properly brought as a separate action and the motion to amend [Doc. 53] is **DENIED**.

Plaintiff moves the Court to order the TDOC to place a lien on the defendants' pay checks. Plaintiff does not have a judgment against any defendant at this time, the motion therefore is not well-taken, and the motion [Doc. 55] is **DENIED**.

Plaintiff has filed a motion to remove the Office of the Attorney General for the State of Tennessee as counsel for the defendants. Plaintiff refers to Tenn. Code Ann. § 8-42-103(a), which provides that the Attorney General has discretion to represent state employees in a civil action for damages for acts within the scope of their employment, "except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain." The Attorney General's representation of the defendants is within his discretion and it is up to him to determine whether the defendants' conduct was willful, malicious, or criminal. The motion [Doc. 69] is **DENIED**.

Plaintiff moves to amend the relief section of his complaint to substitute "maximum nominal damages" in the place of his request for "compensation." The motion [Doc. 72] is **GRANTED**.

Plaintiff has also filed a motion for the court to rule on pending motions, a motion for a hearing on pending motions, and motion for a ruling on pending motions together with a motion for a scheduling order. In light of this Memorandum and Order, and given that this matter is not ready to be set for trial, the motions [Docs. 48, 61, and 70, respectively] are **DENIED**.

There is also pending plaintiff's motion for the Court to order the defendants to return his legal materials. Plaintiff alleges that the defendants have confiscated his legal materials and, because he is a maximum security inmate, only allow him access to the materials once a month. Under the circumstances, counsel for defendants is **ORDERED** to respond to this motion [Doc. 73] within thirty (30) days of the date of this Memorandum and Order.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE